# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**KARL KEVIN HILL,**

    **Petitioner,**

v.                        **CIVIL ACTION NO. 1:11cv206**
                             **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On March 7, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the required filing fee on January 10, 2012. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### II. FACTS[1]

On December 15, 2004, a federal grand jury charged petitioner in three counts of a three-count indictment; the indictment also included a forfeiture allegation for seven firearms. (Dkt.# 1). On February 15, 2005, a superseding indictment was returned, naming petitioner in two counts of a five-count indictment and one forfeiture allegation. (Dkt.# 23). On April 15, 2005, the petitioner appeared before the District Judge and entered a guilty plea.. On October 2, 2006, a sentencing hearing was held, and the Court imposed the Guideline range statutory mandatory minimum sentence, a term of 120 months, followed by eight years of supervised release, and payment of the

---

[1] All Docket references contained with Section II are from the petitioner's criminal case number 2:04cr30.

1

special assessment of $100. (Dckt.# 131).

On October 8, 2006, petitioner filed a Notice of Appeal. (Dkt.# 135). On appeal, petitioner raised three issues: whether the District Court abused its discretion by denying his motion to withdraw his guilty plea on two grounds: 1) that the district court improperly drew negative inferences from his assertion of attorney-client privilege and the Fifth Amendment, and 2) his motion to suppress was wrongly-decided, thus demonstrating innocence; whether he waived his right to appeal the denial of his motion to suppress when he pled guilty; and whether his prior Virginia drug felony could be used to enhance his mandatory minimum sentence. On August 16, 2007, the 4th Circuit affirmed the District Court's conviction and sentence in an unpublished, *per curiam* opinion, finding that petitioner's motion to suppress evidence was properly denied; that he had failed to make a credible showing of legal innocence to support his motion to withdraw his guilty plea; and that his sentence was properly calculated. (Dkt.# 155). On August 29, 2007, petitioner filed a petition for rehearing (4th Circ. Dkt.# 40) (06-5068) which was denied on October 5, 2007 (4th Circ. Dkt.# 44) (06-5068). Mandate on the decision issued on October 15, 2007. (Dkt.# 158). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

On April 16, 2008, the petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 in which he raised five grounds of ineffective assistance of counsel (IAC):

> (1) Whether counsel was ineffective for failing to argue that the scope of the search warrant was exceeded when officers searched the trailer behind his house;

> (2) Whether counsel was ineffective for failing to argue that a "forced" confession was unlawfully obtained under "extreme torture;"

> (3) Whether counsel was ineffective for "not showing that the Court invalidated the search;"

> (4) Whether counsel was ineffective for failing to include a challenge "to a gun enhancement that was not proper;"

2

(5) Whether counsel was ineffective for not presenting a Miranda issue.

Petitioner's § 2255 petition also included an attached memorandum in support, titled "Addendum to the Original 2255 Application Filed from Case No. 2:04CR30-1," expanding on the issues raised in the original application as well as raising several new issues. This addendum clarified the petitioner's claims as follows:

> (1) Supplementing Original Issue 4, whether petitioner's counsel was ineffective for failing to argue that the application of Guideline 2D1.1(b)(1)'s two level gun enhancement violated Apprendi, since there was no admission or jury finding of the presence of a firearm;
>
> (2) Supplementing Original Issue 1, petitioner asserts that he did not deny ownership of the trailer, but rather, had challenged the inclusion of the trailer in the original warrant;
>
> (3) Supplementing Original Issue 2, whether his counsel was ineffective for allowing the Assistant United States Attorney to state the petitioner's medical problems were a result of an addiction to methamphetamine;
>
> (4) & (5) Whether his counsel was ineffective for "missing the point of no return" for him to withdraw his guilty plea and "blindsid[ing] him with his lack of diligence."

On October 28, 2009, the undersigned issued a report and Recommendation that the petitioner's § 2255 be denied. (Dkt. #198). On November 25, 2009, the petitioner filed objections. (Dkt. #202). On March 26, 2010, the Court entered an Order adopting the Report and Recommendation and denying the Motion to Vacate. (Dkt. #207). The petitioner filed a Notice of Appeal on April 2, 2010. (Dkt. #209). On August 30, 2010, the Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed the appeal. (Dkt. #225). On February 8, 2011, the Fourth Circuit denied a petition for rehearing. (Dkt. #239).

### III. Claims of the Pending Petition

In support of his § 2241 petition before this Court, the petitioner states two grounds for relief:

> 1. The search warrants issued in the original 2004 search of his residence were fraudulent; and

> 2. The fraudulent warrants used for the purpose of a plea agreement cause
> such agreement to be void;

For relief, the petitioner requests that his conviction be set aside, or that the Court set an evidentiary hearing with appointed counsel to hear his petition.

## IV. Analysis

### A. Lack of Jurisdiction

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under section 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to section 2241, on the other hand, is intended to address the **execution** of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. While the terms of section 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under section 2241, there is nonetheless a "savings clause" in section 2255, which allows a prisoner to challenge the validity of his conviction or sentence under section 2241 **if** he can demonstrate that section 2255 is "inadequate or ineffective to test the legality of his detention." Title 28 U.S.C. § 2255. A petitioner bears the burden of demonstrating that the section 2255 remedy is "inadequate or ineffective," and the standard is an extremely stringent one. In the Fourth Circuit, section 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction or sentence **only** when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section

4

2255 because the new rule is not one of constitutional law.

See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

In this case, the petitioner is not challenging the execution of his sentence, but instead is challenging his sentence and conviction. Although the petitioner has not raised the savings clause, per se, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, conspiracy to distribute marijuana and methamphetamine in violation of 21 U.S.C. § 846 remains a criminal offense, and therefore the petitioner cannot satisfy the second element of Jones. Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

**B. Rule 60(b) Motion**

Within his §2241 petition, the petitioner proffers Rule 60(b) and (d) of the Federal Rules of Civil Procedure as an alternative ground for relief. Because the Federal Rules of Civil Procedure govern only the procedure in suits of a civil nature, Rule 60 does not provide a vehicle through which Jackson may challenge his criminal judgment. Fed.R.Civ.P. 1; United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999). Although courts often obtain consent from petitioners to construe their Rule 60 motions as motions to vacate sentence pursuant to 28 U.S.C. §2255, the Court should not seek consent to construe Jackson's Rule 60 motion at this juncture in the litigation.

Section 2255 provides as follows regarding a second or successive motion:

A second or successive motion must be certified as provided in § 2255 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F.3d 370 (4th Cir. 2002). Here, the petitioner's first § 2255 motion was dismissed on the merits, and thus bars a subsequent motion without leave of the Fourth Circuit. See Shoup v. Bell & Howell Co., 872 F.2d 1178 (4th Cir. 1989); see also United States v. Flannery, 45 Fed. Appx. 456, 2002 WL 2020042 (6th Cir. 2002); United States v. Casas, No. 01 C 1848, 2001 WL 1002511, *2 (N.D. Ill. Aug. 30, 2001). Therefore, the petitioner must obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2255, and hence, this court should not attempt to construe his Rule 60(b) "Motion" as a § 2255 petition.

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may filed with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th

Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: January 19, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE