```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KARL KEVIN HILL,**

    **Petitioner,**

v.        //        CIVIL ACTION NO. 1:11CV206
                    (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Respondent.**

### ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation concerning the petition filed by Karl Kevin Hill pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendation.

### I.

On January 19, 2012, the pro se petitioner, inmate Karl Kevin Hill ("Hill"), filed a petition pursuant to 28 U.S.C. § 2241 (dkt. no. 1) alleging that certain search warrants issued in the criminal investigation underlying his conviction were fraudulent, and that the use of those allegedly fraudulent warrants rendered his plea agreement void. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation ("R&R")in accordance with LR PL P 2. Judge Kaull issued an Opinion and R&R on January 19, 2012,(dkt. no. 9) in which he recommended that Hill's § 2241 motion be denied and dismissed with prejudice because:

**HILL V. UNITED STATES**                                                          **1:11CV206**

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

- Hill could not challenge his conviction and sentence via a § 2241 petition;

- Hill's petition did not fall within the savings clause of § 2255, as applied in <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000); and

- Hill's alternative motion pursuant to Federal Rule of Civil Procedure 60(b) motion could not be construed as a § 2255 motion because such construction would be futile absent a certificate of appealability from the Fourth Circuit.

Hill filed objections to Magistrate Judge Kaull's R&R on February 3, 2012, in which he contends that <u>In re Jones</u> is inapplicable to his case, and this Court therefore should allow his challenge to the imposition of his sentence to proceed under § 2241 in the broader interests of justice. Alternatively, Hill contends that Magistrate Kaull erred when he determined that Hill's Rule 60(b) motion should not be construed as a § 2255 motion. After conducting a <u>de novo</u> review, the Court concludes that Hill's objections are without merit.

## II.

On April 15, 2006, Hill pled guilty a drug conspiracy pursuant to 21 U.S.C. §§ 846. The Court sentenced Hill to 120 months of incarceration followed by eight years of supervised release, and payment of the special assessment of $100.

**HILL V. UNITED STATES**                                          **1:11CV206**

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

Since his sentencing in 2006, Hill has directly and collaterally attacked his conviction to no avail. In 2007, the Fourth Circuit denied Hill's direct appeal. Then, in 2010, after Hill's collateral attack pursuant to 28 U.S.C. § 2255 was denied on its merits, the Fourth Circuit declined to review that decision.

### III.

Hill now challenges his conviction under § 2241. A petitioner may not use a § 2241 petition to attack the validity of his conviction, however, except where he can satisfy the requirements of the 'savings clause' in § 2255(e). The savings clause of § 2255 provides as follows:

> An application for a writ of habeas corpus a behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is **inadequate or ineffective** to test the legality of his detention.

The Fourth Circuit has explained that § 2255 is inadequate or ineffective to test the legality of detention only where:

> (1) [A]t the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

**HILL V. UNITED STATES** 1:11CV206

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

In re Jones, 226 F.3d at 333-34.

As Magistrate Judge Kaull correctly concluded, In re Jones disqualifies Hill from relief under § 2255's savings clause. Even assuming Hill could satisfy the first and third requirements of In re Jones, his count of conviction – drug conspiracy under 21 U.S.C. § 841 – remains a criminal offense.

Contrary to Hill's arguments, the decision of the Supreme Court of the United States in McClesky v. Zant, 499 U.S 467 (1991), does not permit this Court to ignore In re Jones. First, the Fourth Circuit has consistently reiterated that In re Jones provides a § 2241 petitioner's only route to the § 2255 savings clause. See, e.g., Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010). In Rice, our circuit court strictly applied In re Jones to block a § 2241 petitioner from challenging the fact of his conviction through the savings clause of § 2255. While the court ultimately remanded the petitioner's case to the district court with instructions to vacate his sentence, it determined that § 2241 was the incorrect procedural vehicle for the challenge because the petitioner did not meet the requirements of In re Jones. Significantly, the case recognized no alternative means for the petitioner to merit relief under the savings clause of § 2255.

Second, numerous courts have recognized that McClesky is subject to the provisions of the Antiterrorism and Effective Death

4

**HILL V. UNITED STATES**                                                              **1:11CV206**

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

Penalty Act of 1996 (AEDPA). For example, as explained by the Circuit Court of Appeals of the District of Columbia in U.S. v. Palmer:

> The AEDPA significantly changed the landscape. The final paragraph of section 2255 and section 2244(b) of Title 28, both included in the AEDPA, replace the abuse-of-the-writ doctrine [i.e. McClesky] with statutory requirements that bar second or successive section 2255 motions absent exceptional circumstances and certification by an appellate court.
>
> Pre-AEDPA, if a defendant filed a second section 2255 petition, the government could defend on "abuse of the writ," whereupon the defendant had to show cause for failing to raise the claim earlier, i.e., "some objective factor external to the defense [that] impeded counsel's efforts," as well as demonstrate "actual prejudice resulting from the errors of which he complains."

296 F.3d 1135, 1144, n. 10 (D.C. Cir. 2002) (quoting McClesky, 499 U.S. at 493-94). See also Thomas v. Supt./Woodborne Correctional Inst., 136 F.3d 227, 229 (2d. Cir. 1997) (explaining that AEDPA "altered prior law by shifting the burden of showing that a habeas petition was not abusive").

AEDPA, therefore, has statutorily altered the common law "abuse of writ" doctrine. Under AEDPA, a petitioner may not make successive § 2255 filings, thus ending the petitioner's former option of filing successive § 2255 petitions so long as he could show they were not abusive. In other words, AEDPA, and not McClesky, is the controlling law of successive habeas petitions.

**HILL V. UNITED STATES** 1:11CV206

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

For those reasons, Hill may not escape the requirements of In re Jones. Rather, he is confined to AEDPA's statutory scheme, and the Fourth Circuit's interpretation of that scheme, of which In re Jones is an important component. Hill does not meet the requirements set forth in In re Jones to merit application of the savings clause of § 2255.

### III.

Hill also argues for relief pursuant to Federal Rules of Civil Procedure 60(b) and (d). However, a criminal defendant cannot use the Federal Rules of Civil Procedure to attack his criminal conviction or sentence. United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Federal Rule of Civil Procedure 1 makes clear that "[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature." Hill's motion is therefore improperly styled as a Rule 60(b) motion because it challenges his criminal conviction.

While improperly styled as a Rule 60(b) motion, Hill's motion could be construed as a § 2255 motion. See U.S. v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (holding that in most cases, district courts "must treat Rule 60(b) motions as successive collateral review applications"). Examples of situations in which a district court may properly construe a Rule 60(b) motion as a collateral review application include "new legal arguments or proffers of

**HILL V. UNITED STATES** 1:11CV206

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

additional evidence" or a "brand-new, free-standing allegation of constitutional error in the underlying criminal judgment." Id. at 207. Hill's petition alleges that the search warrants underlying his conviction were fraudulent and therefore void his subsequent plea agreement. Those allegations are properly characterized as "new legal arguments or proffers of additional evidence." Therefore, this Court could construe Hill's Rule 60(b) motion as a § 2255 motion.

As explained in the R&R, however, such construction is unwarranted. Section 2255(h) provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

To qualify as a second or successive petition, the first habeas petition must have been dismissed on the merits. Slack v. McDaniel, 529 U.S. 473, 485-89 (2000); In re Williams, 444 F.3d 233, 235 (4th Cir. 2006)

Here, Hill's first habeas petition filed pursuant to § 2255 was dismissed on the merits. See Order, Hill v. United States, No.

**HILL V. UNITED STATES** 1:11CV206

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

2:04-cr-30 (N.D.W. Va. March 26, 2010). Therefore, before Hill can pursue a successive or second § 2255 petition, he must obtain a certificate of appealability from the Fourth Circuit. Because he has not done so, it would be futile for this Court to construe Hill's Rule 60(b) motion as a § 2255 motion. Therefore, the motion remains exactly what it is – an improperly styled motion which this Court lacks the jurisdiction to decide.

**IV.**

For the reasons discussed, the Court:

1. **ADOPTS-IN-PART** the Report and Recommendation (dkt. no. 9);
2. **DENIES** Hill's § 2241 petition (dkt. no. 1);
3. **DENIES AS MOOT** Hill's motion to supplement the record (dkt. no. 12); and
4. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE.**[1]

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

---

[1] The Court notes that its dismissal of Hill's complaint for lack of subject matter jurisdiction must be without prejudice. See Fed. R. Civ. P. 41(b). That is a different outcome than the one proposed in the Opinion and R&R (dkt. no. 9).

**HILL V. UNITED STATES**                                                                 **1:11CV206**

**ORDER ADOPTING-IN-PART THE REPORT AND RECOMMENDATION**

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: October 10, 2012.

					/s/ Irene M. Keeley
					IRENE M. KEELEY
					UNITED STATES DISTRICT JUDGE